UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

EMILIANO GOMEZ HERNANDEZ,

      Petitioner,

    v.

WARDEN, FLORIDA SOFT SIDE
SOUTH DETENTION CENTER,
US ATTORNEY GENERAL,

      Respondents.

Case No. 2:26-cv-1996-KCD-KRH

_____/

### ORDER

Petitioner Emiliano Gomez Hernandez is a citizen of Mexico currently detained by U.S. Immigration and Customs Enforcement ("ICE"). He asks this Court to release him, arguing that his detention violates the Fifth Amendment. (Doc. 1.)[1] The Government opposes the petition. (Doc. 5.)

Hernandez first argues that he is entitled to release under § 1231 of the Immigration and Nationality Act because his detention has become unconstitutionally prolonged. *See Zadvydas v. Davis*, 533 U.S. 678 (2001). But § 1231 has no application here because Hernandez does not have a final removal order.

---

[1] Unless otherwise indicated, all internal quotation marks, citations, case history, and alterations have been omitted in this and later citations.

Hernandez's "detention is [instead] governed by § 1226(a)." *Nardella Mago*, 2026 WL 532485, at *2 (M.D. Fla. Feb. 26, 2026). Which means he is entitled to an individualized bond hearing. *Id.*; *see also Jennings v. Rodriguez*, 583 U.S. 281, 306 (2018). Hernandez has already received a bond hearing, which was denied, and he reserved the right to appeal. (*See* Doc. 5-1 at 15-16.) Thus, the Court finds that the habeas petition, as currently constituted, is moot.

Article III of the Constitution limits federal courts to resolving actual, ongoing controversies. We do not issue advisory opinions, and we do not keep cases on the docket when the underlying dispute has evaporated. *See Al Najjar v. Ashcroft*, 273 F.3d 1330, 1335 (11th Cir. 2001). When Hernandez filed his petition, his only grievance was that he had been locked up with no mechanism for release. (Doc. 1.) But the Government has afforded Hernandez the opportunity to contest his detention. (Doc. 5-1 at 15-16.) He has thus received process. And he reserved his right to appeal those decisions. (*Id.* at 16.)

The Court does not have jurisdiction to overturn the immigration judge's bond decision. *See* 8 U.S.C. § 1226(e). And Hernandez has avenues available to challenge a bond determination made by the Executive Office for Immigration Review. *See* 8 C.F.R. § 1003.1(b)(7) (allowing Board of Immigration Appeals jurisdiction over appeals of bond determinations made

2

under 8 C.F.R. § 1236). He also may seek a new bond hearing before the immigration judge if he can demonstrate a material change in circumstances. *See id.* § 1003.19(e).

Because Hernandez has failed to demonstrate any violation of the Constitution or laws of the United States that is cognizable or would necessitate his release, the habeas petition must fail. The Clerk is **DIRECTED** to terminate any pending motions and deadlines and close the case.

**ORDERED** in Fort Myers, Florida on August 6, 2026.

Kyle C. Dudek
United States District Judge

3